1  Edward S. Coleman, Esq., NSB 000601                         E-FILED 10/9/09
   Elizabeth DeFlyer, Esq. SBN: 010021
2  COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
   9708 S. Gilespie Street, Suite A-106
3  Las Vegas, NV 89183-7614
   Telephone: (702) 699-9000
4  Facsimile: (702) 699-9006
   E-Mail: mail@coleman4law.com
5  *Attorneys for Debtors,*
   *Lydia Llanes Bernabe and Manuel Ballangca Bernabe*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In re: | CASE NO.: 09-13257-mkn |
|---|---|
| LYDIA LLANES BERNABE dba SUN RISE, LLC; dba L & M RESIDENTIAL; fdba BOARD AND GO SERVICES, INC.; dba SOUTHERN HILLS BOARD & CARE HOME LLC, and | Chapter 11 |
| MANUEL BALLANGCA BERNABE dba SUN RISE, LLC; dba L & M RESIDENTIAL; fdba BOARD AND GO SERVICES, INC.; dba SOUTHERN HILLS BOARD & CARE HOME, LLC, | Hearing Date: November 10, 2009<br>Hearing Time: 2:00 P.M.<br>Courtroom: 2 |
| Debtors. | |

**MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF SELECT PORTFOLIO SERVICES and SPECIALIZED LOAN SERVICING, LLC PURSUANT TO 11 U.S.C. § 506 (a)**

TO: THE HONORABLE CHIEF BANKRUPTCY JUDGE MIKE K. NAKAGAWA:

LYDIA LLANES BERNABE and MANUEL BALLANGCA BERNABE (hereinafter referred to as "Debtors"), by and through their attorneys COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION, move this Court pursuant to 11 U.S.C. §506(a) and Bankruptcy Rules 3012 and 9014 of the Federal Rules of Bankruptcy Procedure to value collateral securing certain residential loans and re-classify portions of lenders' claims as unsecured, and, in

Page 1

support of the Motion represent:

**STATEMENT OF FACTS**

1. Debtors filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code, Case Number 09-13257-mkn on March 10, 2009.

2. On the date of filing said petition, Debtors owned, among other assets, an investment property located at 8605 Copper Falls Avenue, Las Vegas, NV 89129 (hereinafter referred to as **"Subject Property"**).

3. On the petition date, the estimated value of the **Subject Property** was $250,000.00, however, the appraised value is $180,000.00, as set forth on **"Exhibit A"**, attached herein and incorporated for reference.

4. At the time of filing the petition, the **Subject Property** was subject to the following liens:

    a. SELECT PORTFOLIO SERVICES, Account No. **xxxxx7026,** (First Mortgage and/or First Deed of Trust): THREE HUNDRED SIXTY THOUSAND DOLLARS AND ZERO CENTS ($360,000.00) as set forth in Proof of Claim No.5, attached herein as **"Exhibit B"** and incorporated for reference.

    b. SPECIALIZED LOAN SERVICING, LLC, Account No. **xxxxxx2807,** (Second Mortgage and/or Second Deed of Trust): NINETY THOUSAND, ONE HUNDRED TWENTY DOLLARS AND NINETY-SIX CENTS ($90,120.96).

**MEMORANDUM OF POINTS AND AUTHORITIES**

5. Section 506(a)(1) of the Bankruptcy Code provides that a Chapter 11 Debtor may bifurcate a secured lender's claim into an allowed secured claim and an allowed unsecured claim based upon the actual value of the property securing such lender's lien.

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the

Page 2

COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
9708 South Gilespie Street, Suite A-106
Las Vegas, NV 89183
Telephone (702) 699-9000   Facsimile (702) 699-9006

> value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506 (a)(1)

6. The Supreme Court has recognized that Section 506 of the Bankruptcy Code defines the amount of the secured creditor's allowed secured claim and the conditions of his receiving post-petition interest. United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 371 (1988). In United Sav. Ass'n of Texas, the Supreme Court interpreting Section 506(a) of the Bankruptcy Code found that:

> In subsection (a) of this provision the creditor's "interest in property" obviously means his security interest without taking into account of his right to immediate possession of the collateral on default. If the latter were included, the "value of such creditor's interest" would increase, and the proportions of the claim that are secured and unsecured would alter, as the stay continues-since the value of the entitlement to use the collateral from the date of bankruptcy would rise with the passage of time. No one suggests this was intended. The phrase "value of such creditor's interest" in § 506(a) means "the value of the collateral."

See id. (emphasis added) (quoting H.R. Rep. No. 95-595, pp. 181, 356 (1977)).

7. The Ninth Circuit agrees with this interpretation of section 506 of the Bankruptcy Code. In re Maldonado, 46 B.R. 497, 499 (9th Cir. BAP 1984) (interpreting section 506(a), "a claim is a secured claim to the extent of the value of [the] creditor's interests in the estate's interest in the property. The entire claim is not a secured claim. The claim is secured only to the extent of the value of the secured interest.")

8. In addition, this Bankruptcy Court has found that "an 'allowed secured claim' is a determination generally made under 11 U.S.C. § 506." In re BBT, 11 B.R. 224, 229 (Bankr.D. Nev. 1981). The Bankruptcy Court further stated that, with respect to a claim secured by a lien on property of the estate, "to the extent that the value of the property is less than the amount of the total allowed claim, **the claim is unsecured."** Id. (emphasis added). Thus, pursuant to the law of this Circuit, the amount of the allowed secured claim cannot exceed the market value of the property and

Page 3

the remainder of the claim must be treated as an allowed unsecured claim for the purposes of the plan.

9. Moreover, the Ninth Circuit Court of Appeals has also found that a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to section 506 (a) of the Bankruptcy Code. See In re Zimmer, 313 F.3d 1220 (9th Cir.2002), Specifically, the Court held:

> Section 506(a) divides creditors' claims into 'secured claims' and 'unsecured claims.' Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the debtor's property, §506(a) makes clear that the status of a claim depends on the valuation of the property:
>
> 'An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.'
>
> 11 U.S.C. 506(a). To put it more simply, a claim such as a mortgage is not a 'secured claim' to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, 'secured claim' is thus a term of art; not every claim that is secured by a lien on a property will be considered a 'secured claim.' Here, it is plain that PSB Lending's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

In re Zimmer, 313 F.3d at 1222-23.

10. Bankruptcy law is clear; absent sufficient equity in the Properties, the mortgage lenders' claims, which are only partially secured (excluding Debtor's Primary Residence) should be bifurcated into secured and unsecured claims. The second mortgage lenders, who are wholly unsecured, should receive only their pro rata distribution with other general unsecured creditors through the Debtor's Chapter 11 plan.

11. Finally, the filing of a motion rather than an adversary proceeding to achieve the relief requested herein is appropriate in this Court. See In re Bonsignori, Case No. BKS-08-11830-LBR (D. Nev. June 25, 2008) (approving the stripping off of an unsecured lien by motion); See also

In re Williams, 166 B.R.615 (Bankr.E.D.Va.1994); In re Fuller, 255 B.R. 300 (Bankr.W.D.Mich.2000); In re Hoskins, 262 B.R. 693 (Bankr.E.D.Mich.2001); In re King, 290 B.R. 641 (Bankr.C.D.Ill.2003); In re Millspaugh, 302 B.R. 90 (Bankr.D.Idaho 2003); Dickey v. Ben. Fin. (In re Dickey) 293 B.R. 360 (Bankr.M.D.Pa.2003); In re Hill, 304 B.R. 800 (Bankr.S.D. Ohio 2003); In re Sadala 294 B.R. 180 (Bankr.M.D.Fla.2003); In re Fisher, 289 B.R. 544 (Bankr.W.D.N.Y.2003); In re Robert, 313 B.R. 545 (Bankr.N.D.N.Y.2004); In re Fuller, 225 B.R. 300 (Bankr. W.D. Mich. 2000); and In re Bennett, 312 B.R. 843 (Bankr.W.D.Ky.2004). Instead, Debtor may bring the instant motion.

## CONCLUSION

12.   Accordingly, because the first mortgage on the **Subject Property** is under secured, SELECT PORTFOLIO SERVICES' claim should be bifurcated into secured and unsecured claims based on the market value of the Property as shown in the appraisal as set forth in **"Exhibit A".**

13.   Because the second mortgage on the **Subject Property** is wholly unsecured in that there is no equity above the first mortgage, SPECIALIZED LOAN SERVICING, LLC's unsecured claim should be reclassified as a general unsecured claim to be treated pro rata with similar unsecured creditors and SPECIALIZED LOAN SERVICING, LLC should be stripped of its secured rights under 11 U.S.C. 506 (a) since no maintainable security interest in the subject Property exists.

**WHEREFORE**, Debtor prays that this Court:

1.   Valuate the **Subject Property** in accordance with the appraisal attached hereto;

2.   Bifurcate SELECT PORTFOLIO SERVICES' claim into secured and unsecured claims in the respective amounts of ONE HUNDRED EIGHTY THOUSAND DOLLARS AND ZERO CENTS ($180,000.00) as a secured claim and ONE HUNDRED EIGHTY THOUSAND DOLLARS AND ZERO CENTS ($180,000.00) as an unsecured claim;

3.   Order the monthly Principal and Interest payments due to SELECT PORTFOLIO SERVICES on the reduced value of collateral security in the amount of ONE HUNDRED EIGHTY THOUSAND DOLLARS AND ZERO CENTS ($180,000.00) as a secured claim, be adjusted and lowered accordingly;

COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
9708 South Gilespie Street, Suite A-106
Las Vegas, NV 89183
Telephone (702) 699-9000   Facsimile (702) 699-9006

4. Avoid, "strip off", and extinguish SPECIALIZED LOAN SERVICING, LLC's wholly unsecured second lien pursuant to section 506(a) of the Bankruptcy Code;

5. Reclassify SPECIALIZED LOAN SERVICING LLC's claim as a general unsecured claim to be paid pro rata with other general unsecured creditors through the Debtor's Chapter 11 plan;

6. Such other relief the Court deems just and proper.

DATED this 9th day of October, 2009.

                                              COLEMAN LAW ASSOCIATES, APLC

                                    By: /s/ Elizabeth DeFlyer, Esq.
                                          ELIZABETH DEFLYER, ESQ.
                                          COLEMAN LAW ASSOCIATES, APLC
                                          Nevada Bar No. 010021
                                          9708 S. Gilespie Street, Suite A-106
                                          Las Vegas, NV 89183
                                          Attorneys for Debtor

Page 6

COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
9708 South Gilespie Street, Suite A-106
Las Vegas, NV 89183
Telephone (702) 699-9000   Facsimile (702) 699-9006

**LIST OF EXHIBITS**

**EXHIBIT A:**

**RESIDENTIAL APPRAISAL REPORT**
8605 Copper Falls Avenue
Las Vegas, NV 89129

**EXHIBIT B:**

**PROOF OF CLAIM NO. 5**
SELECT PORTFOLIO SERVICES

**EXHIBIT C:**

**PROOF OF CLAIM NO. 2**
SPECIALIZED LOAN SERVICING, LLC

COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
9708 South Gilespie Street, Suite A-106
Las Vegas, NV 89183
Telephone (702) 699-9000   Facsimile (702) 699-9006