Edward S. Coleman, Esq., NSB 000601                    E-FILED 11/17/09
Elizabeth DeFlyer, Esq. SBN: 010021
COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
9708 S. Gilespie Street, Suite A-106
Las Vegas, NV 89183-7614
Telephone: (702) 699-9000
Facsimile: (702) 699-9006
E-Mail: mail@coleman4law.com
*Attorneys for Debtors,*
*Lydia Llanes Bernabe and Manuel Ballangca Bernabe*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | CASE NO.: 09-13257-mkn |
| LYDIA LLANES BERNABE dba SUN RISE, LLC; dba L & M RESIDENTIAL; fdba BOARD AND GO SERVICES, INC.; dba SOUTHERN HILLS BOARD & CARE HOME LLC, and | Chapter 11 |
| MANUEL BALLANGCA BERNABE dba SUN RISE, LLC; dba L & M RESIDENTIAL; fdba BOARD AND GO SERVICES, INC.; dba SOUTHERN HILLS BOARD & CARE HOME, LLC, | Hearing Date: January 6, 2009<br>Hearing Time: 9:30 A.M.<br>Courtroom: 2 |
| Debtors. | |

## MOTION TO VALUE COLLATERAL, "CRAM DOWN", "STRIP OFF" AND MODIFY RIGHTS OF AMERICA'S SERVICING COMPANY and GMAC MORTGAGE PURSUANT TO 11 U.S.C. § 506 (a) and §1123

TO: THE HONORABLE CHIEF BANKRUPTCY JUDGE MIKE K. NAKAGAWA:

LYDIA LLANES BERNABE and MANUEL BALLANGCA BERNABE (hereinafter referred to as "Debtors"), by and through their attorneys COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION, move this Court pursuant to 11 U.S.C. §506(a) and §1123 and Bankruptcy Rules 3012 and 9014 of the Federal Rules of Bankruptcy Procedure to value collateral securing certain residential loans and re-classify portions of lenders' claims as unsecured,

Page 1

and, in support of the Motion represent:

### STATEMENT OF FACTS

1.    Debtors filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code, Case Number 09-13257-mkn on March 10, 2009.

2.    On the date of filing said petition, Debtors owned, among other assets, an investment property located 6363 Pinion Jay, Las Vegas, NV 89148 (hereinafter referred to as **"Subject Property"**).

3.    On the petition date, the estimated value of the **Subject Property** was $279,000.00, however, the appraised value is $245,000.00 as set forth on **"Exhibit A"**, attached herein and incorporated for reference.

4.    At the time of filing the petition, the **Subject Property** was subject to the following liens:

      a.    AMERICA'S SERVICING COMPANY, Account No. **xxxxx9584,** (First Mortgage and/or First Deed of Trust): FOUR HUNDRED SIXTY FOUR THOUSAND, SIX HUNDRED AND FIVE DOLLARS AND FOURTEEN CENTS ($464,605.14) as set forth in Proof of Claim No.12, attached herein as **"Exhibit B"** and incorporated for reference.

      b.    GMAC MORTGAGE, Account No. **xxxxxx5234,** (Second Mortgage and/or Second Deed of Trust): SEVENTY NINE THOUSAND, SEVEN HUNDRED AND ELEVEN DOLLARS AND EIGHTY NINE CENTS ($79,711.89).

### MEMORANDUM OF POINTS AND AUTHORITIES

5.    Section 506(a)(1) of the Bankruptcy Code provides that a Chapter 11 Debtor may bifurcate a secured lender's claim into an allowed secured claim and an allowed unsecured claim based upon the actual value of the property securing such lender's lien.

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the

Page 2

> value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506 (a)(1)

6.    The Supreme Court has recognized that Section 506 of the Bankruptcy Code defines the amount of the secured creditor's allowed secured claim and the conditions of his receiving post-petition interest. United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 371 (1988). In United Sav. Ass'n of Texas, the Supreme Court interpreting Section 506(a) of the Bankruptcy Code found that:

> In subsection (a) of this provision the creditor's "interest in property" obviously means his security interest without taking into account of his right to immediate possession of the collateral on default. If the latter were included, the "value of such creditor's interest" would increase, and the proportions of the claim that are secured and unsecured would alter, as the stay continues-since the value of the entitlement to use the collateral from the date of bankruptcy would rise with the passage of time. No one suggests this was intended. The phrase "value of such creditor's interest" in § 506(a) means "the value of the collateral."

See id. (emphasis added) (quoting H.R. Rep. No. 95-595, pp. 181, 356 (1977)).

7.    The Ninth Circuit agrees with this interpretation of section 506 of the Bankruptcy Code. In re Maldonado, 46 B.R. 497, 499 (9th Cir. BAP 1984) (interpreting section 506(a), "a claim is a secured claim to the extent of the value of [the] creditor's interests in the estate's interest in the property. The entire claim is not a secured claim. The claim is secured only to the extent of the value of the secured interest.")

8.    In addition, this Bankruptcy Court has found that "an 'allowed secured claim' is a determination generally made under 11 U.S.C. § 506." In re BBT, 11 B.R. 224, 229 (Bankr.D. Nev. 1981). The Bankruptcy Court further stated that, with respect to a claim secured by a  lien on property of the estate, "to the extent that the value of the property is less than the amount of the total allowed claim, **the claim is unsecured."** Id. (emphasis added). Thus, pursuant to the law of this Circuit, the amount of the allowed secured claim cannot exceed the market value of the property and

COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
9708 South Gilespie Street, Suite A-106
Las Vegas, NV 89183
Telephone (702) 699-9000   Facsimile (702) 699-9006

1   the remainder of the claim must be treated as an allowed unsecured claim for the purposes of the

2   plan.

3           9.      Moreover, the Ninth Circuit Court of Appeals has also found that a wholly unsecured

4   lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to section

    506 (a) of the Bankruptcy Code. See  In re Zimmer, 313 F.3d 1220 (9th Cir.2002),

5    Specifically, the Court held:

6                   Section 506(a) divides creditors' claims into 'secured claims'
                    and 'unsecured claims.' Although the conventional
7                   interpretation of "secured" might include any claim in which
                    the creditor has a security interest in the debtor's property,
8                   §506(a) makes clear that the status of a claim depends on the
                    valuation of the property:

9                   'An allowed claim of a creditor secured by a lien on property in
                    which the estate has an interest ... is a secured claim to the
10                  extent of the value of such creditor's interest in the estate's
                    interest in such property ... and is an unsecured claim to the
11                  extent that the value of such creditor's interest ... is less than the
                    amount of such allowed claim.'

12                  11 U.S.C. 506(a). To put it more simply, a claim such as a
                    mortgage is not a 'secured claim' to the extent that it exceeds
13                  the value of the property that secures it. Under the Bankruptcy
                    Code, 'secured claim' is thus a term of art; not every claim that
14                  is secured by a lien on a property will be considered a 'secured
                    claim.' Here, it is plain that PSB Lending's claim for the
15                  repayment of its loan is an unsecured claim, because its deed of
                    trust is junior to the first deed of trust, and the value of the loan
16                  secured by the first deed of trust is greater than the value of the
                    house.

17  In re Zimmer, 313 F.3d at 1222-23.

18          10.     Bankruptcy law is clear; absent sufficient equity in the Properties, the mortgage

19  lenders' claims, which are only partially secured (excluding Debtor's Primary Residence) should be

20  bifurcated into secured and unsecured claims. The second mortgage lenders, who are wholly

    unsecured, should receive only their pro rata distribution with other general unsecured creditors

21  through the Debtor's Chapter 11 plan.

22          11.     Finally, the filing of a motion rather than an adversary proceeding to achieve the

23  relief requested herein is appropriate in this Court. See In re Bonsignori, Case No. BKS-08-11830-

24  LBR (D. Nev. June 25, 2008) (approving the stripping off of an unsecured lien by motion); See also

25
                                    Page 4
26
28

In re Williams, 166 B.R.615 (Bankr.E.D.Va.1994); In re Fuller, 255 B.R. 300 (Bankr.W.D.Mich.2000); In re Hoskins, 262 B.R. 693 (Bankr.E.D.Mich.2001); In re King, 290 B.R. 641 (Bankr.C.D.Ill.2003); In re Millspaugh, 302 B.R. 90 (Bankr.D.Idaho 2003); Dickey v. Ben. Fin. (In re Dickey) 293 B.R. 360 (Bankr.M.D.Pa.2003); In re Hill, 304 B.R. 800 (Bankr.S.D. Ohio 2003); In re Sadala 294 B.R. 180 (Bankr.M.D.Fla.2003); In re Fisher, 289 B.R. 544 (Bankr.W.D.N.Y.2003); In re Robert, 313 B.R. 545 (Bankr.N.D.N.Y.2004); In re Fuller, 225 B.R. 300 (Bankr. W.D. Mich. 2000); and In re Bennett, 312 B.R. 843 (Bankr.W.D.Ky.2004). Instead, Debtor may bring the instant motion.

## CONCLUSION

12.     Accordingly, because the first mortgage on the **Subject Property** is under secured, AMERICA'S SERVICING COMPANY'S claim should be bifurcated into secured and unsecured claims based on the market value of the Property as shown in the appraisal as set forth in **"Exhibit A".**

13.     Because the second mortgage on the **Subject Property** is wholly unsecured in that there is no equity above the first mortgage, GMAC MORTGAGE's unsecured claim should be reclassified as a general unsecured claim to be treated pro rata with similar unsecured creditors and GMAC MORTGAGE should be stripped of its secured rights under 11 U.S.C. 506 (a) since no maintainable security interest in the subject Property exists.

**WHEREFORE**, Debtor prays that this Court:

1.     Valuate the **Subject Property** in accordance with the appraisal attached hereto, in the amount of $245,000.00;

2.     Bifurcate AMERICA'S SERVICING COMPANY'S claim into secured and unsecured claims in the respective amounts of TWO HUNDRED FORTY FIVE  THOUSAND DOLLARS AND ZERO CENTS (245,000.00) as a secured claim and TWO HUNDRED NINETEEN THOUSAND SIX HUNDRED AND FIVE DOLLARS AND FOURTEEN CENTS(219,605.14) as an unsecured claim;

3.     Order the note payable to AMERICA'S SERVICING COMPANY on the reduced

COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
9708 South Gilespie Street, Suite A-106
Las Vegas, NV 89183
Telephone (702) 699-9000  Facsimile (702) 699-9006

value of collateral security in the amount OF TWO HUNDRED FORTY FIVE THOUSAND DOLLARS AND ZERO CENTS ($245,000.00) at a fixed interest rate of 6%, payable over thirty years;

     4.     Avoid, "strip off", and extinguish GMAC MORTGAGE's wholly unsecured second lien pursuant to section 506(a) of the Bankruptcy Code;

     5.     Reclassify GMAC MORTGAGE's claim as a general unsecured claim to be paid pro rata with other general unsecured creditors through the Debtor's Chapter 11 plan;

     6.     Such other relief the Court deems just and proper.

DATED this 17th day of November, 2009.

Submitted by:                     COLEMAN LAW ASSOCIATES, APLC

                          By: /s/ Elizabeth DeFlyer, Esq.
                             ELIZABETH DEFLYER, ESQ.
                             COLEMAN LAW ASSOCIATES, APLC
                             Nevada Bar No. 010021
                             9708 S. Gilespie Street, Suite A-106
                             Las Vegas, NV 89183
                             Attorneys for Debtor

COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
9708 South Gilespie Street, Suite A-106
Las Vegas, NV 89183
Telephone (702) 699-9000   Facsimile (702) 699-9006

# LIST OF EXHIBITS

**EXHIBIT A:**

**RESIDENTIAL APPRAISAL REPORT**
6363 Pinion Jay Street
Las Vegas, NV 89148

**EXHIBIT B:**

**PROOF OF CLAIM NO. 12**
AMERICA'S SERVICING COMPANY

COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
9708 South Gilespie Street, Suite A-106
Las Vegas, NV 89183
Telephone (702) 699-9000   Facsimile (702) 699-9006