WILDE & ASSOCIATES
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
208 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: 702 258-8200
bk@wildelaw.com
Fax: 702 258-8787

Electronically Filed on 4/28/10

Attorneys for America's Servicing Company

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In Re:

LYDIA LLANES BERNABE and MANUEL BALLANGCA BERNABE, et. al.

       Debtors.

BK-S-09-13257 MKN

Date: May 5, 2010
Time: 9:30 a.m.

Chapter 11

OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN

COMES NOW, AMERICA'S SERVICING COMPANY, (Hereinafter "Secured Creditor"), and files this Objection to Confirmation of Chapter 11 Plan stating as follows:

Secured Creditor is the first deed of trust holder on 6363 Pinnion Jay Street, Las Vegas, Nevada, (hereinafter "subject property"), and is owed over $450,000.00. The Debtors filed a motion to value and reduce Secured Creditor's secured lien to $245,000.00 which was granted by the Court.

Debtors' Plan proposes to bifurcate the claim of this Secured Creditor into a Secured Claim of $245,000.00 in Class 2 and an Unsecured Claim of $219,605.00 in Class 3. It is proposed that the Secured Claim will be paid at 6% interest and amortized for thirty (30) years.

1. **THE PLAN IS NOT FEASIBLE**:

A review of the last ten (10) months of operating reports (with November 2009 missing from the docket) shows that the Debtors grossed $25,480.17 for an average of $2,548.00 per month. This amount is not enough to fund the proposed plan.

1. The Debtors have not been paying the following mortgage payments which are proposed in the plan. The average net income will not cover these payments. The Debtors *incorrectly* state on Page 34 of their plan that the "direct" payments to the secured creditors on these properties are current.

|  | Principal | Insurance | Taxes |  |  |
|---|---|---|---|---|---|
| Sage Grove Property | 720 | 100 | 125 | = | 945.00 |
| Copper Falls | 1080 | 100 | 125 | = | 1305.00 |
| Pinnion Jay | 1469 | 100 | 150 | = | 1719.00 |
|  |  |  |  | Total | 3969.00 |

Even if the Court were to use the Cash Flow Analysis showing a net of $418.00 instead of the above approach.

  a. The Debtors do not provide for the payment of income taxes or self employment taxes arising from the operation of their businesses or the foregiveness of debt on the reduced mortgage obligations.

  b. It does not list the $1,469.00 principal payment, 100 insurance payment, or 150 property tax payment on the Pinion Jay property. They do not list any maintenance for this property either.

2. **THE PLAN IS NOT FAIR AND EQUITABLE**

The Plan fails to provide a valuation for any of the businesses.

.... [t]his component of the fair and equitable rule .... Will almost always be required under Section 1129(b) in order to determine the consideration to be distributed under the plan. In re Trans Max Technologies, Inc., 349 B.R. 80, 89 (Bkrtcy. D. Nev. 2006).

The Plan gives no explanation of why there will only be $200,000.00 net from the sale of the Phillipine Property when there is over $400,000 in equity. The value is $731,279.29 and the Debt is $324,718.00.

Further, there is no reasoning behind the Debtors being reimbursed the carrying charges of $2900.00 per month for the Phillipine Property once it is sold. In fact, this monthly payment should continue to be made to unsecured creditors AFTER the property is sold.

WHEREFORE, Secured Creditor asks that this Court deny confirmaiton and dismiss this case.

DATED this 28th day of April, 2010.

WILDE & ASSOCIATES

By_____

GREGORY L. WILDE, ESQ.
Attorneys for Secured Creditor